SARTAIN, Judge.
This litigation involves a contest between an automobile repairman, Lott & Sons, Inc. (Lott) and the owner-mortgagor, Wiley C. Strahan (Strahan) and the mortgagee-loss payee, Kaiser Federal Credit Union (Kaiser). Kaiser appeals from a judgment casting it jointly and in solido with Strahan for the collective sums of $573.40 and $27.23 representing repairs allegedly made to Strahan’s 1963 Ford Galaxie automobile.
Kaiser has appealed suspensively. Stra-han and Lott have neither appealed nor answered the same but urge affirmation of the district court’s decision. We are of the opinion that it was error to hold Kaiser as a solidary obligor of Strahan and the judgment appealed from should be reversed insofar as it cast Kaiser.
Plaintiff’s petition alleged that during the month of July of 1967 it made certain repairs to Strahan’s vehicle aggregating the sums mentioned above. The petition further alleges that Kaiser received two checks in these amounts from Strahan’s collision insurer which it (Kaiser) has failed and refused to remit to Lott for the repairs it made to Strahan’s vehicle.
Offered in evidence by joint stipulation was a policy issued by Maine Insurance Company to Strahan providing for collision coverage subject to a deduction of $100.00. Also filed in evidence were two checks, each made payable to the joint orders of “Wiley C. Strahan, Kaiser Federal Credit Union and Lott & Sons, Inc.” in the amounts of $573.40 and $27.23. It was further stipulated that the checks were endorsed by Strahan and forwarded to Kaiser for its endorsement prior to delivery to Lott to cover the cost of repairs and that Kaiser refused to comply with the request to endorse.
The only witness called to testify was Mr. Strahan who stated that his automobile was repaired by Lott in July of 1967 to their mutual satisfaction. He further stated that he wanted to see Mr. Lott paid.
We gather from the briefs, filed, though it is not a part of the record, that there existed a chattel mortgage executed by Strahan in favor of Kaiser and secured by the repaired vehicle. The chattel mortgage or the note evidencing the indebtedness were not filed in or made a part of the record.
The policy of insurance aforementioned contains a loss payable clause which reads as follows:
“Loss or damage, if any, under the policy shall be payable as interest may ap *579 pear to Kaiser Chalmette Works Federal Credit Union * *
The record is completely silent that any discussion was had with Kaiser prior to the repairs made to Strahan’s vehicle. Strahan did not file a third party petition against Kaiser and therefore any rights that he might have against Kaiser for the ultimate settlement of any dispute under the terms of the policy is not before us. The sole issue presented for resolution in the case at bar is whether or not a vehicle repairman may sue a mortgagee-loss payee for the cost of repairs to a mortgaged vehicle when the said loss payee is not consulted or made a party to the transaction for the repairs.
This question was squarely presented in the case of Wray-Dickinson Co. v. Commercial Credit Co., 192 So. 769 (2d La.App., 1939). By way of defense it was urged that the custom in the Shreveport community was for the insured, insurer and the repairman to negotiate for the repairs to be performed and that upon completion of the repairs, the loss payee-mortgagee would endorse the check in favor of the repairman. The court, while recognizing that custom and usage may modify, restrict or enlarge a contract, held that such custom and usage may not create a contract or give rise to a new obligation particularly where a third party, not privy to the agreement, was not consulted or had no knowledge of the agreement for repairs. The court stated: 192 So. 769, 772
“There is no express contract here and we find nothing giving rise to the theory that an implied contract is deducible from the relations between the parties. The insurer did not enter into a contract with plaintiff and it paid the insurance to the named beneficiary in the policy. It could do nothing more. By the express terms of the policy, the loss was made payable to the defendant herein, the mortgagee; and under all decisions such a stipulation is held to be an unqualified assignment of the policy to the mortgagee. Officer v. American Eagle Fire Insurance Company, 175 La. 581, 143 So. 500.
The defendant did not enter into any contract with plaintiff nor was it consulted by plaintiff about the repair job until it had been completed. There was no action by defendant from which an implied contract with plaintiff could possibly have been deduced.
It is very clear, therefore, that plaintiff is without a right of action against defendant in this case.”
Accordingly, for the above and foregoing reasons the judgment of the district court in favor of the plaintiff and against Kaiser Federal Credit Union is reversed and set aside. In all other respects the judgment is affirmed. The cost of this appeal is to be borne equally by the appellees, Lott & Sons, Inc. and Wiley C. Strahan.
Reversed in part, affirmed in part.